[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CHANGE JURISDICTIONDATED MARCH 18, 2002 I FACTS
On August 17, 1999, the plaintiff, Christopher Curtiss, brought an action concerning paternity, custody, child support and visitation against the defendant, Sara Frankel, regarding their minor child, Aaron Frankel, who was born on May 2, 1999. The parties were never married, and during the commencement of the action, they were both living in Connecticut. An agreement was reached concerning custody and child support in January of 1999. The defendant subsequently filed a motion to modify that agreement requesting that she be able to relocate to Florida with her parents, who were retiring. The defendant and the child have continuously lived with the defendant's parents and they are her only means of support. An evaluation was completed by family relations and it was recommended that the defendant and the child relocate to Florida with her parents. A subsequent agreement was entered in August of 2000, ordering joint legal custody with primary physical custody with the defendant, and granting the plaintiff unsupervised overnight visitation with the child. The defendant moved to Florida with her parents and her child in July of 2000. In January of 2001, another agreement was reached and an order entered that the defendant was to bring the child to Connecticut four times a year, where the plaintiff would have unsupervised, overnight visitation with the child for seven consecutive days during each visit. The agreement also stated the plaintiff could exercise visitation in Florida.
In January of 2002, the defendant filed a petition in the Florida court asking that it recognize the Connecticut orders and accept transfer of jurisdiction. The Florida court subsequently dismissed the petition for lack of jurisdiction, stating that it did not have jurisdiction to modify a Connecticut custody order where Connecticut has not declined jurisdiction and the parties have not filed written consents to modify CT Page 15473 the order. (See Plaintiff's Exhibits 1 — 4.) The defendant then filed this motion for a change of jurisdiction pursuant to the UCCJEA on March 15, 2002. She argues that under the UCCJEA, a transfer of jurisdiction to Florida is warranted because she and the child have resided there since July of 2000; that Connecticut is no longer the home state of the child; that there is no information available in Connecticut regarding the child's care, protection, training and relationships; and that Connecticut is an inconvenient forum. The plaintiff filed an objection to the motion to change jurisdiction on March 21, 2002, arguing that Connecticut has significant interest in the matter because the plaintiff resides in Connecticut, has joint legal custody of the child, and substantial visitation takes place in Connecticut. The plaintiff further argues that the defendant should be equitably estopped from changing jurisdiction because she represented to the plaintiff that she would continue to provide access to the child in Connecticut and has failed to do so and is currently in contempt of Connecticut court orders.
 II DISCUSSION
General Statutes § 46b-1151 provides in pertinent part that "a court of this state which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until: (1) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of the child, (B) a parent . . . continues to reside in this state but the child no longer has a significant relationship with such parent or person, and (C) substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships. In the present case, there is no dispute that Connecticut had jurisdiction to make the initial custody determination under General Statutes § 46b-115k (a). The UCCJEA allows Connecticut to maintain continuing, exclusive jurisdiction until one of the events enumerated in the statute occurs. It is also undisputed that the plaintiff continues to reside in Connecticut thereby eliminating the first prong of the statute. At issue, therefore, is whether Connecticut loses jurisdiction under the second prong, which would require a finding that Connecticut is not the home state of the child, that a parent continues to reside here but the child no longer has a significant relationship with that parent and that there is no evidence available in this state concerning the child's welfare.
In Lord v. Lord, Superior Court, judicial district of Fairfield at CT Page 15474 Bridgeport, Docket No. FA 97 0348367 (September 14, 2001, Sheedy, J.), the defendant mother filed a motion to dismiss for lack of jurisdiction under the UCCJEA. The defendant resided in New York with the children and the plaintiff father lived in Connecticut. The court found that Connecticut was not deprived of continuing, exclusive jurisdiction under the first prong because the plaintiff continued to reside here. Id. "Nor is it deprived of such jurisdiction under (2) above. Clearly, New York has become [the child's] home state. It cannot, however, be said that her relationship with the plaintiff, who continues to reside here, is no longer significant although this court finds substantial evidence is no longer available here concerning her care, protection, training and personal relationships." Id. The court concluded that "the defendant's argument [that] this court lacks continuing jurisdiction is attenuated." Id.
Similarly, in Campagna v. Campagna, Superior Court, judicial district of New London, Docket No. FA 96 0539516 (February 27, 2001, McLachlan,J.), the defendant mother had moved to Minnesota with the children after a highly contested dissolution action in which several postjudgment motions were filed. The plaintiff father moved to open the judgment with regard to visitation and the defendant filed a motion to dismiss, arguing that Minnesota had become the home state of the children. Id. The defendant also brought a petition in Minnesota to modify the visitation schedule entered by this court. Id. The court found that "[t]here is no dispute that the father . . . continues to reside in the State of Connecticut. Pursuant to the UCCJEA . . . because the plaintiff father continues to reside here, continuing exclusive jurisdiction exists in the Connecticut court." Id. The court further noted that "[w]hile this court could decline to exercise that jurisdiction, because the issue implicates visitation awarded to the father in Connecticut and he still resides here, the court will not decline to exercise its continuing exclusive jurisdiction and accordingly the motion to dismiss/transfer is denied." Id. See also Rowland v. Rowland, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. FA 97 0057152 (August 19, 1999,Corradino, J.) (25 Conn.L.Rptr. 381, 383) ("This court concludes that Connecticut has exclusive jurisdiction to entertain any modification of its orders as to visitation. At the time such orders were entered, this state was the "home state' of the child. Furthermore . . . this court is not compelled to make a finding that this state has lost or does not have jurisdiction at the present time; that is, one of the parents, the father, still resides here and the child continues to have some connection with this state. The child's paternal and maternal relatives all live in Connecticut and visitation occurs in our state. The parties agreed to a temporary visitation schedule . . . wherein the mother was to bring the child to Connecticut for a visit. In light of the foregoing, CT Page 15475 the court denies the motion to dismiss the defendant's motion to modify visitation on jurisdictional grounds.").
General Statutes § 46b-115 (7) defines home state as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." It is undisputed that this action was commenced by the plaintiff on August 17, 1999. The child was born on May 2, 1999, and, therefore, resided in this state prior to the commencement of this action. There is no action pending in the Florida court because Florida found that it did not have jurisdiction. Moreover, even if Florida is now the child's home state, there is nothing in the facts that demonstrate that the relationship between the defendant and the child is not significant or that there is no evidence available in this state with regard to the child's care, protection, training and personal relationships. The record suggests that there are relatives of the child's from both sides of the family that continue to live in Connecticut, and substantial visitation takes place here. Furthermore, based on the rationale in Campagna v. Campagna, supra, Superior Court, Docket No. FA 96 0539516, the issue presently before the court implicates the support and visitation orders that were awarded to the father in Connecticut. Based on the foregoing evidence and relevant case law, it is submitted that Connecticut maintains continuing, exclusive jurisdiction over its initial custody orders.
The defendant also argues, however, that Connecticut should decline jurisdiction under General Statutes § 46b-115q, which provides that a court of this state may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. "Although this court concludes that Connecticut has subject matter jurisdiction, that does not end the inquiry. The second issue raised by the parties is whether Connecticut is an inconvenient forum under the circumstances of this case. . . . The determination of whether the court should decline to exercise jurisdiction under the statute is discretionary." (Citations omitted.) Niiranen v. Niiranen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. FA 95 0325924 (January 29, 1999,Cutsumpas, J.) (24 Conn.L.Rptr. 5, 6). In that case, the court noted that at the time of the filing of the custody modification, the children and their mother were living in Georgia for approximately five months and the father was residing in New York. Id., 7. Neither of the parties had lived in Connecticut for over one year. Id. The court, in declining jurisdiction, concluded that "another state has a closer connection with the child and his family or with the child and one or more of the contestants . . . [and] substantial evidence concerning the child's CT Page 15476 present or future care, protection, training and personal relationships is more readily available in another state." (Internal quotation marks omitted.) Id.
Similarly, in Lord v. Lord, supra, Superior Court, Docket No. FA 97 0348367, although the court found the defendant's argument regarding continuing, exclusive jurisdiction to be attenuated, it found the defendant's inconvenient forum argument more persuasive. Id. "This court finds there is subject matter jurisdiction but declines to exercise the same on the ground of inconvenient forum. Because the UCCJA provision for dismissal of the Connecticut action when this state determines it is an inconvenient forum (Connecticut General Statutes § 46b-97 (e)) was not carried over into the new legislation, the defendant's motion to dismiss is denied. Her motion to decline jurisdiction is granted." Id. See also Hazelwood v. Hazelwood, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. FA 00 0180034 (July 5, 2002,Harrigan, J.T.R.) (32 Conn.L.Rptr. 449, 450) (where both parties and child no longer lived in Connecticut, court found that it no longer had continuing, exclusive jurisdiction and, additionally, "if the court decides this is an inconvenient forum, it may decline jurisdiction, and does so, pursuant to General Statutes § 46b-115q.").
General Statutes § 46b-115q (b) provides relevant factors for determining an inconvenient forum, including family violence; length of time the child has resided outside of the state; the distance between the court in this state and the court in the state that would assume jurisdiction; the relative financial circumstances of the parties; any agreement of the parties; the nature and location of the evidence required to resolve the pending litigation; the ability of the court of each state to decide the issue; and the familiarity of the court of each state with the facts and issues in the pending litigation. In the present case, the plaintiff argues that mere fact that the child lives in Florida does not make Connecticut an inconvenient forum. The defendant alleges that she is a full time student relying exclusively on her parents for support and that her financial circumstances, therefore, justify a change in jurisdiction. She further argues that her parents pay for daycare, provide a stable home environment, food, clothing, shelter, transportation, college expenses and all transportation costs when she and the child fly to Connecticut.
 III CONCLUSION
The court finds that although the child has been to Connecticut for visitation with the plaintiff over the past two years, that is his only CT Page 15477 contact with this state. The child's day care provider, his health care providers, his mother, his maternal grandparents (whom he has lived with his entire life) and other relatives of the plaintiff all reside in Florida. The child has lived in Florida for over two years and is going to continue to reside there. Based on the totality of the circumstances and evidence in the record, this court finds that Connecticut maintains continuing exclusive jurisdiction over its initial custody orders, but that it should decline to exercise that jurisdiction. Florida is the state with the most significant connections to the child and where the most substantial evidence regarding the child is located. Accordingly, the motion to transfer jurisdiction is granted. CT Page 15478